NO.  07-06-0002-CR
07-06-0003-CR
07-06-0004-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 30, 2006
_____

DAVID LONGORIA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-407301; 2004-407304; 2004-407306;

HONORABLE BRADLEY S. UNDERWOOD, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant David Longoria seeks to appeal judgment in three cases for the offense of Manufacture/Deliver Controlled Substance.  We dismiss the appeals for want of jurisdiction.

On September 2, 2005, appellant made an open plea of guilty, was convicted on each cause, and the trial court set appellant's sentences.

On September 29, 2005, appellant filed a Motion for New Trial and Motion in Arrest of Judgment. Appellant then filed Notice of Appeal on December 30, 2005. Appellant filed a Motion for Extension of Time to File Notice of Appeal on January 19, 2006. The trial court has certified that appellant has the right to appeal.

Appellant's notice of appeal was due on or before December 1, 2005. TEX. R. APP. P. 26.2(a). The time for filing a notice of appeal may be extended for 15 days under certain circumstances. TEX. R. APP. P. 26.3. For the time to file a notice of appeal to be extended, both a notice of appeal and a motion for extension of time, which complies with Rule 10.5(b), must be filed within 15 days of the deadline for the notice of appeal. Id; Olivio v. State, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). Appellant's notice of appeal and motion for extension of time were not filed within this 15-day period and are, therefore, untimely.

In a criminal case, appeal is perfected by timely filing a sufficient notice of appeal. TEX. R. APP. P. 25.2(b), 26.2. A timely filed notice of appeal is essential to invoke our appellate jurisdiction. Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); Olivio, 918 S.W.2d at 522.

2

Appellant's failure to timely file notice of appeal prevents this court from having jurisdiction over the appeals. Accordingly, the appeals are dismissed for want of jurisdiction.[1] TEX. R. APP. P. 39.8, 40.2, 43.2(f).

Mackey K. Hancock
Justice

Do not publish.

---

[1] Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals. See TEX. CODE CRIM. PROC. ANN. art 11.07 (Vernon 2005); see also Ater v. Eighth Court of Appeals, 802 S.W.2d 241 (Tex.Crim.App. 1991).